| | |
|---|---|
| AURORA CERVANTES., <br><br> Plaintiff, <br><br> v. <br><br> SAFIA ALI QASEM, et al., <br><br> Defendants. | Case No. 1:18-cv-01730-LJO-BAM <br><br> ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR AND FAILURE TO PROSECUTE THIS ACTION <br><br> **FOURTEEN (14) DAY DEADLINE** |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Aurora Cervantes ("Plaintiff") filed this action against Defendants Safia Ali Qasem ("Defendant Qasem") and Balbir Singh ("Defendant Singh") on December 24, 2018. (Doc. No. 1.) On March 14, 2019, Plaintiff filed her First Amended Complaint. (Doc. No. 8.) On March 26, 2019, Plaintiff and Defendant Qasem appeared before the Court for an Initial Scheduling Conference wherein counsel for Plaintiff informed the Court that Plaintiff intended to serve the First Amended Complaint on Defendant Singh and, if appropriate, request that the Clerk of Court enter default against Defendant Singh. (*See* Doc. No. 9.) Accordingly, the Initial Scheduling Conference was continued to April 23, 2019. (*Id.*) On April 22, 2019, Plaintiff filed a notice that the matter had been settled with respect to Defendant Qasem. (Doc. No. 10.) Plaintiff was ordered to file appropriate papers to dismiss or conclude this action as to Defendant Qasem by August 20, 2019, and the Court converted the April 23, 2019 Scheduling Conference to a Status Conference to discuss the status of service on Defendant Singh. (Doc. No. 12.)

At the April 23, 2019 Status Conference, counsel for Plaintiff informed the Court that Defendant Singh had been personally served with the summons and operative complaint and Plaintiff intended to request entry of default against him but was in the process of accomplishing alternative mechanisms of service in order to reduce the possibility that Defendant Singh may attempt to set aside any entry of default. Accordingly, this Court issued an order setting a Status Conference for June 5, 2019, at 9:00 a.m. before Magistrate Judge Barbara A. McAuliffe to discuss the status of service on Defendant Singh. (Doc. No. 14.)

On June 5, 2019, counsel for Plaintiff failed to appear at the Status Conference. As a result, the Status Conference could not proceed without the necessary input from Plaintiff, resulting in delay of this action. To date, Plaintiff has not filed a proof of service of the summons and operative complaint on Defendant Singh or a request that the Clerk of Court enter default against him.

Pursuant to Local Rule 110, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action." *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Daniel Malakauskas, counsel for Plaintiff Aurora Cervantes, is hereby ORDERED TO SHOW CAUSE why this Court should not impose sanctions for his failure to appear at the June 5, 2019 Status Conference and failure to prosecute this action. Mr. Malakauskas shall file a written response to this Order to Show Cause within **fourteen (14) days** of service of this order. If Plaintiff no longer intends to pursue this case, the Order to Show

2

Cause may be satisfied by filing a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

**Failure to respond to this order will result in the imposition of sanctions, including monetary sanctions and/or dismissal of this action with prejudice for failure to appear and failure to prosecute.**

IT IS SO ORDERED.

Dated: **June 5, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE